IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAUS GROUP, INC. and<br>INDUSTRIAS AUXILIARES FAUS S.L.<br><br>Plaintiffs,<br><br>vs.<br><br>COLUMBIA FLOORING, INC.,<br>UNILIN HOLDING, INC.,<br>UNILIN FLOORING NC, LLC, and<br>UNILIN FLOORING, INC.<br><br>Defendants. | CIVIL ACTION<br>NO. 1 06 CV 0218<br><br>DEMAND FOR TRIAL BY JURY |

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

JAN 31 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Faus Group, Inc. and Industrias Auxiliares Faus S.L. (collectively "Faus") for their Complaint for Patent Infringement against Defendants Columbia Flooring, Inc., Unilin Holding, Inc., Unilin Flooring NC, LLC, and Unilin Flooring, Inc., (collectively "Defendants"), state and allege as follows:

### THE PARTIES

1. Plaintiff Faus Group, Inc. is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 500 East Walnut Ave., Suite 200, Dalton, Georgia 30721.

2. Plaintiff Industrias Auxiliares Faus S.L. is a Spanish corporation, having a principal place of business at Avda De Almansa S/N, 46700 Gandia

ATLANTA 4795104 1

Valencia, Spain. Plaintiff Industrias Auxiliares Faus S.L. is the corporate parent of Plaintiff Faus Group, Inc.

3. Upon information and belief, Columbia Flooring, Inc. is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 100 Maxine Road, Danville, Virginia, 24541.

4. Upon information and belief, Unilin Holding, Inc., is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 3286 Denton Road, Thomasville, North Carolina, 27360.

5. Upon information and belief, Unilin Flooring NC, LLC, is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 3286 Denton Road, Thomasville, North Carolina, 27360.

6. Upon information and belief, Unilin Flooring, Inc., is a foreign corporation, incorporated in Belgium, having a principal place of business at Ooigemstraat 3 B-8710, Wielsbeke, Belgium 8710 and a principal mailing address at Post Office Box 26000, Greensboro, North Carolina 27420.

## JURISDICTION

7. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants have transacted and continue to transact business in the United States and in this judicial district by: using or causing to be used; making or causing to be made; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold, directly, and/or through intermediaries and/or as an intermediary, infringing products to customers in the United States, including customers in this judicial district, and Defendants will continue to do so unless enjoined by this Court.

10. This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(c) and/or (d), and 28 U.S.C. § 1400(b), in that the Defendants are committing and are causing acts of patent infringement within the United States and within this judicial district as alleged in this Complaint.

## THE PATENTS-IN-SUIT

11. On June 11, 2002, U.S. Patent No. 6,401,415 B1 ("the '415 patent"), entitled "Direct Laminated Floor," was duly and legally issued, listing Industrias Auxiliares Faus, S.L. as assignee. A copy of the '415 patent is attached as <u>Exhibit A</u>.

12. On February 10, 2004, U.S. Patent No. 6,688,061 ("the '061 patent"), entitled "Direct Laminated Floor," was duly and legally issued, listing Industrias Auxiliares Faus, S.L. as assignee. The '061 patent is a continuation of the '415 patent. A copy of the '061 patent is attached as Exhibit B.

13. Industrias Auxiliares Faus, S.L. and Faus Group, Inc. collectively own the entire right, title, and interest in the '415 patent and the '061 patent (collectively the "Patents-in-Suit").

14. Defendants have been and are infringing, contributorily infringing and/or actively inducing infringement of the Patents-in-Suit because they at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in this judicial district and elsewhere in the United States products that infringe the Patents-in-Suit.

## FACTUAL BACKGROUND

15. Faus has invested substantial time and money in designing, developing, manufacturing, and producing laminate flooring products under the Patents-in-Suit.

16. With knowledge of Faus' rights, Defendants at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in the United States and in this

judicial district the following laminate flooring products, each of which infringe the Patents-in-Suit: Unilin Quick-Step 950 (Models UF1000U, UF1001U, UF1896U, UF3896U, UF913U, and UF914U); Unilin Quick-Step 950 "Oak Natural" (Model UF913); Unilin Quick-Step Eligna "Hickory Natural" (Model U1014U); and Columbia Flooring Inc.'s "Laura Ashley Home" and "Echo Palisades" laminate flooring lines, in all available decors.

## COUNT 1
### (Patent Infringement of U.S. Patent No. 6,401,415 B1)

17. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

18. Defendants have infringed, actively induced and/or contributed to the infringement of the '415 patent by making, causing to be made, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '415 patent in this judicial district and elsewhere in the United States. Such infringing products include at least: Unilin Quick-Step 950 (Models UF1000U, UF1001U, UF1896U, UF3896U, UF913U, and UF914U); Unilin Quick-Step 950 "Oak Natural" (Model UF913); Unilin Quick-Step Eligna "Hickory Natural" (Model U1014U); and Columbia Flooring Inc.'s "Laura Ashley Home" and "Echo Palisades" laminate flooring lines, in all available decors.

19. The infringing products that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendants meet each and every limitation of at least one claim of the '415 patent, either literally or equivalently.

20. Faus has been and will continue to be injured by Defendants' past and continuing infringement of the '415 patent and is without adequate remedy at law.

21. Defendants have, upon information and belief, infringed and are infringing the '415 patent with knowledge of Faus' patent rights and without a reasonable basis for believing their conduct is lawful. Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Faus to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
### (Patent Infringement of U.S. Patent No. 6,688,061)

22. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

23. Defendants have infringed, actively induced and/or contributed to the infringement of the '061 patent by making, causing to be made, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims

of the '061 patent in this judicial district and elsewhere in the United States. Such infringing products include at least: Unilin Quick-Step 950 (Models UF1000U, UF1001U, UF1896U, UF3896U, UF913U, and UF914U); Unilin Quick-Step 950 "Oak Natural" (Model UF913); Unilin Quick-Step Eligna "Hickory Natural" (Model U1014U); and Columbia Flooring Inc.'s "Laura Ashley Home" and "Echo Palisades" laminate flooring lines, in all available decors.

24.  The infringing products that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendants meet each and every limitation of at least one claim of the '061 patent, either literally or equivalently.

25.  Faus has been and will continue to be injured by Defendants' past and continuing infringement of the '061 patent and is without adequate remedy at law.

26.  Defendants have, upon information and belief, infringed and are infringing the '061 patent with knowledge of Faus' patent rights and without a reasonable basis for believing their conduct is lawful. Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Faus to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Faus Group, Inc. and Industrias Auxiliares Faus S.L. pray for judgment as follows:

    A.    That Defendants have infringed the Patents-in-Suit;

    B.    That Defendants' infringement of the Patents-in-Suit has been willful.

    C.    That Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are preliminarily and permanently enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributory infringement and from inducing the infringement of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, including any extensions;

    D.    That Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, deliver to Faus all products that infringe, or induce or contribute to the infringement of the Patents-in-Suit for destruction at Faus' option;

ATLANTA 4795104 1

-9-

E.   That Faus be awarded monetary relief adequate to compensate Faus for Defendants' acts of infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any extensions;

F.   That any monetary relief awarded to Faus regarding the infringement of the Patents-in-Suit by Defendants be trebled due to the willful nature of the infringement of the Patents-in-Suit;

G.   That any monetary relief awarded to Faus be awarded with prejudgment interest;

H.   That this is an exceptional case and that Faus be awarded the attorneys' fees, costs, and expenses that it incurs prosecuting this action; and

I.   That Faus be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of any and all issues triable of right by a jury.

ATLANTA 4795104 1

This 31st day of January, 2006.

_/s/ James J. Thomas II_
James J. Thomas II
GA State Bar No. 705425
Gregory S. Brow
GA State Bar No. 086422
Amir R. Farokhi
GA State Bar No. 141262

Matthew T. Bailey
Audrey E. Klein
Adrian P.J. Mollo
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006-1108
Ph: (202) 496-7500
Fx: (202) 496-7756

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
(404) 527-4170 (telephone)
(404) 527-4198 (facsimile)

*Of Counsel for Plaintiffs*
*FAUS GROUP, INC. and*
*INDUSTRIAS AUXILIARES FAUS, S.L*

*Attorneys for Plaintiffs*
*FAUS GROUP, INC. and*
*INDUSTRIAS AUXILIARES FAUS,*
*S L.*